# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VICTOR L. JOHNSON,

    Petitioner,

-vs-                                              Case No.  8:11-CV-2775-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's "Motion for Rehearing and Motion for En Banc Review With Opinion" ("motion") (Dkt. 3).[1]  Petitioner filed his motion pursuant to Florida Rules of Appellate Procedure, Rules 9.330 and 9.331.

The Florida Rules of Appellate Procedure are not applicable to this federal habeas proceeding.  *Cf. Sixta v. Thaler*, 615 F.3d 569, 571 (5th Cir. 2010) ("In § 2254 proceedings, the Rules Governing Section 2254 Cases (the "Habeas Rules"), in combination with the Federal Rules of Civil Procedure (the "Civil Rules"), provide the applicable procedural law.") (citations omitted).  To the extent the motion can be construed as a motion to alter or amend the judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure, Petitioner fails to identify any newly discovered evidence or any manifest errors of law or fact.  *See Elmore v. Cooper*, 2012 U.S. App. LEXIS 6157, at *4-5 (11th Cir. Mar. 26, 2012) (unpublished)

---

[1] The Court dismissed Petitioner's petition for writ of habeas corpus without prejudice to Petitioner to seek leave from the Eleventh Circuit Court of Appeals to file a second or successive petition (Dkt. 2).

("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.") (citation omitted).

ACCORDINGLY, the Court **ORDERS** that Petitioner's motion (Dkt. 3) is **DENIED**.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly a second or successive petition, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 3, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Petitioner

2